**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| JOHN SATTERWHITE, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Case No. 4:13-cv-429 |
| | § | |
| TEXAS CUSTOM POOLS, INC. d/b/a | § | |
| RIVERBEND SANDLER POOLS and | § | |
| CHARLES BARNES, | § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE ON DEFENDANT'S MOTION TO DISMISS

Pending before the Court is Defendant's Motion to Dismiss for Failure to State a Claim, or in the alternative, Motion for More Definite Statement (Dkt. 4), and Plaintiff's Response (Dkt. 7). As set forth below, the Court recommends that the motion (Dkt. 4) be **DENIED**.

### I.   JURISDICTION AND VENUE

Jurisdiction is proper in this court under 28 U.S.C. § 1331. Venue is proper in this court under 28 U.S.C. § 1391(b)(1)-(2).

### I.   BACKGROUND

Plaintiff filed his Complaint (Dkt. 1) on July 31, 2013, alleging that Defendants violated the minimum wage and overtime compensation provisions of the Fair Labor Standards Act.[1] Plaintiff worked for Defendants as a driver from December 2011 until June 2012 and again from November 2012 until March 2013. Plaintiff contends that Defendants failed to pay him minimum wage and failed to pay him one and one-half times his rate of pay for hours worked in excess of forty per week. Defendants filed a Motion to Dismiss (Dkt. 4) on August 20, 2013, seeking

---

[1] 29 U.S.C. §§ 206, 207, 216(b).

dismissal of the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) or in the alternative for a more definite statement under Rule 12(e).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[2] Rule 12(b)(6) permits a court to dismiss a complaint that fails to state a claim upon which relief can be granted.[3] In deciding a Rule 12(b)(6) motion, the court must accept all of the plaintiff's allegations as true.[4] A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint."[5] "Factual allegations must be enough to raise a right to relief above the speculative level."[6] In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[7] Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

The Supreme Court in *Iqbal* established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion.[9] First, the court identifies conclusory allegations and proceeds to disregard them because they are "not entitled to the assumption of truth."[10] Second, the court "consider[s] the factual allegations in [the complaint] to determine if

---

[2] FED. R. CIV. P. 8(a)(2).
[3] FED. R. CIV. P. 12(b)(6).
[4] *Ballard v. Wall*, 413 F.3d 510, 514-15 (5th Cir. 2005).
[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007).
[6] *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 555).
[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).
[8] *Id.*
[9] *Ashcroft*, 556 U.S. at 679-80 (2009).
[10] *Iqbal*, 556 U.S. at 679.

they plausibly suggest an entitlement to relief."[11] This evaluation is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[12]

Federal Rule of Civil Procedure 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[13] "Whether to grant a motion for a more definite statement is a matter within the discretion of the trial court."[14] "When a party moves for a more definite statement under Rule 12(e), the court is granted discretion to determine whether the complaint is so vague that the moving party cannot reasonably be required to frame a responsive pleading."[15]

### III. ANALYSIS

Under Section 216(b) of the Fair Labor Standards Act, a qualifying employer who fails to pay an employee the federally mandated minimum wage under Section 206 of the Act and/or one-and-one-half times the employee's regular rate of pay for work completed over forty hours per week under Section 207 of the Act will be liable to the employee.[16] Plaintiff alleges that he was employed by Defendant Texas Custom Pools, an enterprise engaged in interstate commerce, and that Defendant Charles Barnes was "substantially in control of the terms and conditions of the Plaintiff's work."[17] Plaintiff claims that "[d]uring one or more weeks of Plaintiff's employment with Defendants, Defendants intentionally failed to pay Plaintiff the federally

---

[11] *Id.* at 681.
[12] *Id.*
[13] FED. R. CIV. P. 12(e).
[14] *Russell v. Grace Presbyterian Vill.*, No. 3:05-cv-0030-P, 2005 WL 1489579, at *3 (N.D. Tex. June 22, 2005) (citing *Mitchell v. E-Z Way Towers, Inc.,* 269 F.2d 126, 130 (5th Cir.1959)).
[15] *Chapman v. Dallas Cnty. Cmty. Coll. Dist.,* No. 3:05-cv-1809, 2006 WL 3442057, at *4 (N.D. Tex. Nov. 29, 2006).
[16] 29 U.S.C. §§ 206, 207, 216(b).
[17] Compl. ¶¶ 2-4.

mandated minimum wage for each hour worked during the workweek"[18] and that "[d]uring the weeks in which Plaintiff worked overtime hours, Defendants intentionally and willfully failed to pay Plaintiff one and one-half times his regular rate for each overtime hour worked."[19]

Defendants argue that Plaintiff's Complaint fails to state a claim upon which relief may be granted against Defendant Barnes individually because it "merely asserts the boilerplate legal conclusion that Defendant Barnes was 'substantially in control of the terms and conditions of Plaintiff's work'" and "fails to identify any facts sufficient to create a plausible inference that he is entitled to relief under the FLSA."[20] Defendants further contend that Plaintiff's Complaint fails to state a claim upon which relief may be granted against Texas Custom Pools because Plaintiff "failed to allege that his rate of pay was, what hours allegedly remain unpaid, or even when he allegedly worked the hours upon which this lawsuit is theoretically premised."[21]

Allegations in a complaint must simply contain a "short and plain statement of the claim showing that the pleader is entitled to relief."[22] A complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests.[23] Accepting all of Plaintiff's allegations as true, Plaintiff has pleaded sufficient factual content to survive Defendants' motion to dismiss. Plaintiff's allegations "are all factual allegation[s]—not legal conclusions—and, if proven, [would] give rise to a plausible claim for relief."[24] "Moreover, it cannot be the case that a

---

[18] Compl. ¶ 6 .
[19] Compl. ¶ 8.
[20] Mot. ¶ 12.
[21] Mot. ¶ 13.
[22] FED. R. CIV. P. 8(a)(2).
[23] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[24] *Hoffman v. Cemex, Inc.*, No. H-09-3144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009) (internal quotation marks omitted).

plaintiff must plead specific instances of unpaid overtime before being allowed to proceed to discovery to access the employer's records."[25]

### IV. CONCLUSION

Defendant's Motion to Dismiss for Failure to State a Claim, or in the Alternative, Motion for More Definite Statement (Dkt. 4) should be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice.[26]

**SIGNED this 18th day of October, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

---

[25] *Solis v. Time Warner Cable San Antonio, L.P.*, No. 10-CA-0231-XR, 2010 WL 2756800, at *2 (W.D. Tex. July 13, 2010).
[26] *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).